UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STAR PRINTING CORP.,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BUDGETCARD, INC.  )<br>)<br>Defendant.  )  | C.A. No. |

# COMPLAINT

This is an action brought to enforce the plaintiff's copyright in certain items it sells; to enforce a settlement agreement between the parties arising out of prior litigation in this Court, for injunctive relief, and to recover monetary damages.

## PARTIES

1. Plaintiff Star Printing Corp. ("Star Printing") is a Massachusetts corporation with a principal place of business at 1200 West Chestnut Street, Brockton, Massachusetts. One of Star Printing's divisions is known as Pilgrim Plastics.

2. Defendant Budgetcard, Inc. ("Budgetcard") is, upon information and belief, a Massachusetts corporation with a principal place of business at 171 Commonwealth Ave., Attleboro Falls, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter, including jurisdiction over the Lanham Act claim and the pendent state law claims, pursuant to 28 U.S.C. 1338(a) and (b). Venue in

this District is proper pursuant to 28 U.S.C. 1391(b).

## FACTS

4. Pilgrim Plastics ("Pilgrim"), the plastics printing division of plaintiff Star Printing, is one of the leading suppliers in the United States of promotional plastic items such as luggage tags, golf bag tags, point-of-purchase promotional items, name tags, coat check tags, key cards, calendar cards, and travel and hospitality products. Among some of the products introduced to the promotional products industry by Pilgrim are breast self exam charts, pregnancy calculators, stress testing cards and mortgage calculators. Pilgrim also manufactures membership cards, rulers, and bookmarks.

5. Defendant Budgetcard is a competitor of Pilgrim, and also makes plastic promotional items, including many of the items manufactured by Pilgrim.

6. The products that Pilgrim is currently manufacturing and offering for sale include, but are not limited to:

   a. 32-mil "Luggage Tag Insert-A-Card;"
   b. "Square Pregnancy and Gestation Calculator;" and
   c. Circular "Pregnancy and Gestation Calculator."

7. Plastic products such as those offered by Pilgrim and Budgetcard come in a variety of thicknesses, measured in units known as "mils," or thousandths of an inch. Although a number of companies provide luggage tags of various sizes and thicknesses, until 2007, Pilgrim was the **only** company in the industry offering **32-mil** luggage tags with pouches.

8. In 2007 Star Printing learned that Budgetcard was advertising (in its printed catalog, on its website, and on industry-related websites such as ASI, IMPACT and SAGE), regular and large luggage tags with pouches of the *identical height, width, and thickness* as those offered by Pilgrim. Budgetcard was also offering for sale square and circular pregnancy calculators

virtually identical to those sold by Pilgrim, for which Star Printing has a registered copyright.

8. In July, 2007, Star Printing commenced an action in this Court, entitled *Star Printing Corp. v. Budgetcard, Inc. et al*, C.A. No. 07-11404 ("*Budgetcard I*"). The Complaint in *Budgetcard I* alleged, among other things, that Budgetcard was engaging in various wrongful conduct with respect to Star Printing, including Copyright and Lanham Act violations, as well as breach of contract, misappropriation of trade secrets, and unfair and deceptive acts and practices in violation of Massachusetts law. All of these allegations arose out of Budgetcard's manufacture, advertising, and sale of the products listed in paragraph 6, above (among others).

9. In March, 2008, the parties entered into a settlement of *Budgetcard I*. The Settlement Agreement in *Budgetcard I* (a copy of which is attached hereto as Exhibit 1) provides, in part:

> 3. Budgetcard, and its agents, employees, successors in interest and assigns, will not sell, advertise, promote, display, or offer for sale the product that appeared in its 2007 catalog identified as the "Pregnancy Date Calculator Double Wheel," nor any product identical or similar in appearance or function to the Pilgrim products known as the "Square Pregnancy and Gestation Calculator" and "Circular Pregnancy and Gestation Calculator;" nor any similar product, whether square, rectangular, or round, used for the purpose of calculating pregnancy due dates or gestation periods.
>
> 4. Budgetcard may manufacture, advertise, and sell Luggage Tags with heat-sealed pouches (suitable for insertion of a business card or similar item), but if such luggage tags are produced or obtained as a result of the involvement, in any way, of a company known as R & R Plastics, such tags must be at least thirty five (35) "mils" (i.e., thirty-five thousandths of an inch) thick.
>
> 6. . . . To the extent it is within its control, Budgetcard will have all products prohibited by paragraphs 3 – 5, above removed from industry-related websites such as ASI [Advertising Specialty Institute], IMPACT and SAGE.

10. The Settlement Agreement also provides, in paragraph 13: "In any action brought to enforce the terms of this Agreement, the prevailing party shall be entitled to recover, from the losing party, its costs including reasonable attorneys fees, and such fees shall include reasonable fees incurred prior to the commencement of such action , if incurred in an effort to enforce this

agreement."

11. Advertising Specialty Institute ("ASI") is a media and marketing organization that serves the "advertising specialty industry," i.e., the exact industry in which Star Printing and Budgetcard are competitors. Among other services, ASI hosts a subscription-based website known as "ESP online" on which suppliers such as Pilgrim and Budgetcard list all of their products, specifications, pricing and similar data. Suppliers such as Pilgrim and Budgetcard use ASI to market their products to distributors, who in turn, market those products to purchasers of advertising and promotional products.

12. However, suppliers such as Pilgrim that list their products with ASI are not typically given access to the entire website, on which all products from all suppliers are listed. Thus, Star Printing normally would not know what products a competitor such as Budgetcard was listing on "ESP online."

13. In March, 2009, it came to Pilgrim/Star Printing's attention (from a prospective customer who advised Pilgrim/Star Printing that Budgetcard's prices for pregnancy calculators were lower than Pilgrim's) that the *current* "ESP online" portion of the ASI website lists, for Budgetcard, the "PREG15-R" and "PREG20-DW." These are the precise pregnancy calculators at issue in *Budgetcard I*. They are listed at prices designed to undercut Pilgrim's pricing.

14. Furthermore, it is clear that Budgetcard's listing of these products on "ESP online" is not inadvertent, unintentional, or "a mistake" on the part of Budgetcard. The pregnancy calculators are listed on "ESP online" as "confirmed, " which, upon information and belief, is a process ASI completes with all its supplier product listings once a year. This means that since the start of this year (2009) Budgetcard has *confirmed* with ASI that those products should be listed on the ASI website, at the listed prices.

15. Likewise, the ESP online portion of the ASI website lists Budgetcard's 32-mil luggage tags. The prices for these tags are also listed as "confirmed." Assuming that Budgetcard is continuing to do business with R & R Plastics, as seems likely, this is also a direct violation of paragraph 4 of the Settlement Agreement.

16. Budgetcard's violations of Star Printing's copyright, and its violations of the clear terms of the Settlement Agreement, are not limited to simply advertising these products on ASI's "ESP online" website. Upon information and belief, Budgetcard has, after the date of the Settlement Agreement, continued to sell the products in question.

17. On April 27, 2009, Star Printing, through counsel, sent Budgetcard's counsel (via fax and mail) a letter detailing these violations. *The very next day*, Mr. Chris Roche of Budgetcard contacted a Star Printing employee advising that *Budgetcard* had an order for pregnancy calculators which it could not fill because "we're not allowed to sell these." Budgetcard wanted to know if Pilgrim would manufacture the pregnancy calculators and sell them to Budgetcard so that Budgetcard could fulfill the order at a substantially lower price.

18. Mr. Roche of Budgetcard even forwarded to the Star Printing employee a copy of the purchase order from this prospective customer, KMK Distributing, LLC, of Chagrin Falls, Ohio, for 5,000 pregnancy calculators.

19. It defies credulity to suggest (as Budgetcard may attempt to do) that on April 28, 2009, Budgetcard just happened to receive an order for pregnancy calculators for the first time in the thirteen months since it signed the Settlement Agreement; and that it is a pure coincidence that this order was received one day after Budgetcard's counsel received the letter from Star Printing advising that Budgetcard was violating the Settlement Agreement.

20. A far more plausible explanation for the April 28 phone call from Budgetcard to Star

Printing is that (1) in the past thirteen months (since the Settlement Agreement was signed), Budgetcard has continued to sell pregnancy calculators, in violation of the Settlement Agreement; (2) upon receipt of the April 27 faxed letter from Star Printing's counsel, Budgetcard's counsel immediately notified Budgetcard of the letter, which (3) prompted Mr. Roche's realization that Star Printing was aware that Budgetcard was continuing to violate the Settlement Agreement, and (4) caused Mr. Roche to engage in his pretense of "coming clean" by contacting Star Printing and advising that he had received an order for products he "knew he was not allowed to sell."

21. Upon information and belief, Pilgrim/Star Printing would never have learned of the April 28 order from KMK Distributing, LLC to Budgetcard if Star Printing had not sent the April 27 letter to Budgetcard's counsel.

## COUNT I
## COPYRIGHT VIOLATION
## 17 U.S.C. 501 *et seq.*

22. Plaintiff incorporates the allegations of ¶¶1- 21, above, with the same force and effect as if set forth in full.

23. Plaintiff has registered the copyright for the square and circular "Pregnancy and Gestation Calculators" with the United States Copyright Office, copyright registration number VA 1-410-191.

24. The actions of Budgetcard set forth above constitute violations of plaintiff's copyright with respect to the square and circular "Pregnancy and Gestation Calculators."

25. It is beyond doubt that Budgetcard's actions were willful, i.e., that by Budgetcard knew it was misappropriating plaintiff's square and circular "Pregnancy and Gestation Calculators," and violating plaintiff's rights with respect to those products.

26. As a direct and proximate result, plaintiff has been damaged.

WHEREFORE, plaintiff demands judgment as hereinafter set forth.

## COUNT II
## VIOLATION OF THE LANHAM ACT
## 15 U.S.C. 1125(a)

27. Plaintiff incorporates the allegations of ¶¶1- 26, above with the same force and effect as if set forth in full.

28. The actions of Budgetcard set forth above constitute what is sometimes referred to as "reverse passing off" by Budgetcard, with respect to Plaintiff's "Square Pregnancy and Gestation Calculator," and circular "Pregnancy and Gestation Calculator."

29. These actions constitute violations of the Lanham Act, 15 U.S.C. 1125(a).

30. As set forth above, these actions by Budgetcard were knowing and willful.

31. As a direct and proximate result, plaintiff has been damaged.

WHEREFORE, plaintiff demands judgment as hereinafter set forth.

## COUNT III
## UNFAIR AND DECEPTIVE ACTS AND PRACTICES
## AND UNFAIR COMPETITION
## IN VIOLATION OF M.G.L. c. 93A

32 . Plaintiff incorporates the allegations of ¶¶1-31, above with the same force and effect as if set forth in full.

33. Plaintiff is a company engaged in trade or commerce in Massachusetts within the meaning of M.G.L. c.93A.

34. Defendant Budgetcard is a company engaged in trade or commerce in Massachusetts within the meaning of M.G.L. c. 93A.

35. The actions of defendant Budgetcard, set forth above, constitute unfair and deceptive acts and practices and unfair competition in violation of M.G. L. c. 93A.

36. As set forth above, these actions by Budgetcard were knowing and willful.

37. As a direct and proximate result, plaintiff has been damaged.

WHEREFORE, plaintiff demands judgment as hereinafter set forth.

## COUNT IV
## BREACH OF CONTRACT

38. Plaintiff incorporates the allegations of ¶¶1-37, above with the same force and effect as if set forth in full.

39. As set forth above, in March, 2008, the parties entered into a contract, the Settlement Agreement, by which *Budgetcard I* was resolved.

40. The actions of Budgetcard set forth above constitute violations of the Settlement Agreement between Budgetcard and Star Printing.

41. As a direct and proximate result, plaintiff has been damaged.

WHEREFORE, plaintiff requests that this Court enter judgment as follows:

A. Enter an order requiring Budgetcard to:

   (1) Immediately cease selling and offering for sale all of the products mentioned in paragraphs 6 and 15, above;

   (2) Take immediate steps to insure that the products mentioned in paragraphs 6 and 15, above, no longer are listed by Budgetcard on the ASI website, nor on any other similar promotional products websites;

   (3) Provide plaintiff with an accounting of all sales of, or orders for, the products listed in paragraphs 6 and 15,, above, and, if Budgetcard has made any such sales, pay to Star Printing all profits from such sales;

   (4) If Budgetcard receives any inquiries regarding any of the products mentioned in paragraph 6 and 15, above, (a) advise the person making the inquiry that Budgetcard no longer manufactures those products, and (b) direct all such inquiries to Pilgrim;

B. Under Counts I and/or II, enter an award in favor of plaintiff and against defendants of actual damages, or statutory damages of up to $150,000 (for willful violations) as set forth in 15 U.S.C. 1125(a) and/ or 17 U.S.C. 501 *et seq.*;

C. Under Count III, enter an award in favor of plaintiff and against defendant of three times actual damages;

D. Under Count IV, enter an award of actual damages in favor of plaintiff and against defendant;

E. Under Counts I, II, III and/or IV, enter an award in favor of plaintiff and against defendant for plaintiff's reasonable attorneys' fees incurred in this action; and

F. Award plaintiff such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff,
Star Printing Corp.
By its attorneys


/s/ *Evans Huber*
Evans Huber, Esq.
BBO# 542133
Frieze, Cramer, Cygelman, Rosen and Huber, LLP
60 Walnut Street
Wellesley, Massachusetts 02482
(781) 943-4000

Dated:  May 12, 2009